**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:26-cv-00389-GNS**

**JAHIR EMILIO SANTIAGO GOMEZ**                                                    **PETITIONER**

**vs.**

**Superintendent, Daviess County Detention Center;**
**Field Office Director, ICE Chicago Enforcement**
**and Removal Operations; Secretary of**
**Homeland Security; and**
**Attorney General of the United States**                                          **RESPONDENTS**

## SHOW CAUSE ORDER

Petitioner Jahir Emilio Santiago Gomez, *pro se*, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Upon review of the petition**, IT IS HEREBY ORDERED** as follows:

1.      **On or before June 17, 2026**, Petitioner **must** amend his Petition to comply with 28 U.S.C. § 2242 and provide the **name** of "of the person who has custody over him . . . ." 28 U.S.C. § 2242. Specifically, either: Samuel Olson, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement; Markwayne Mullin, U.S. Secretary of Homeland Security; Todd Blanche, Acting Attorney General of the United States; or Colonel Arthur Maglinger, Daviess County Jailer.

2.      The Clerk of Court **shall** serve the United States Attorney for the Western District of Kentucky electronically at the following email address:

ben.schecter@usdoj.gov.

3.      The Clerk of Court **shall forward by certified mail, return receipt requested** one copy of the Petition (DN 1) and this Show Cause Order on Respondent Mike Lewis, Hopkins County Jailer.

4.      The Court finds good cause under 28 U.S.C. § 2243 to set the schedule for the return and hearing as set forth below.

5.      **On or before June 18, 2026**, Respondents shall **SHOW CAUSE** why the writ of habeas corpus should not be granted. *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 6(a). Respondents **shall** identify whether the case presents a standard Section 1225/1226 issue covered by *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026). If so, Respondents shall provide a bond hearing or release the Petitioner **within 5 days**. Upon Petitioner receiving a bond hearing or being released, Respondents shall immediately notify the Court.

6.      Petitioner may reply, if necessary, to Respondents **on or before July 3, 2026**.

7.      The parties shall appear before this Court for a hearing on the Petition on **June 25, 2026, at 10:30 AM CT** at the U.S. Courthouse in **Bowling Green**, Kentucky. If there are no evidentiary issues and the parties wish to forgo a hearing and submit the matter on the papers, the parties may file a joint motion, and the Court will remand the hearing date.

8.      Petitioner must notify the Court **by or before 12:00 PM CT on June 19, 2026,** if an interpreter is necessary for the Show Cause Hearing.

9.      "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243. If the Petitioner asserts that there are issues of fact necessary to be addressed in the hearing, then he shall inform the Respondents **by or before 12:00 PM CT on June 19, 2026, and the Respondent shall produce the body of the person detained at the hearing.**

10.     In conjunction with each of their separate briefs, the parties shall provide the following documents to the Court *as applicable*. The Court recognizes that not all the documents stated below will apply or be relevant. However, to the extent appliable, the Court requests:

a. Form I-220A Order of Release on Recognizance;

b. Form I-862 Notice to Appear;

c. Form I-863 Notice of Referral to Immigration Judge;

d. Form I-200 Warrant for Arrest;

e. Form I-94 Arrival/Departure Record;

f. Form I-286 Notice of Custody Determination;

g. Form I-867AB Record of Sworn Statement in Proceeding;

h. Form I-860 Notice and Order of Expedited Removal;

i. Form I-247 Notice of Temporary Inadmissibility;

j. Form I-238 Notice of Permanent Inadmissibility;

k. any work authorization or adjustment of status petitions such as a Form I-765 or a Form I-360; and

l. any other related immigration documents the parties believe may be applicable.

11. As part of their briefs, the parties shall address the following issues, *as applicable*. The Court recognizes that not all the questions below will apply or be relevant. However, to the extent applicable, the Court requests that the parties address the following:

a. Where did Petitioner enter the United States?

b. Was Petitioner examined by a Customs and Border Patrol Officer ("CBP") or immigration officer at that time, if not, has Petitioner ever presented herself to a CBP or immigration officer for inspection or examination, when and where?

c. How long has Petitioner been present in the United States?

d. Did Petitioner receive a Notice To Appear, and if so, when was it received?

e. Has Petitioner ever been admitted or paroled into the country, and if so, what documentation does Petitioner have?

f. Did Petitioner receive an I-94 form?

g. What forms, if any, did CBP, DHS, or ICE provide to Petitioner and when and how were those forms served?

h. Were the forms provided, or read, in Petitioner's native language?

i. Has Petitioner been referred for a Section 1229a proceeding, or in the alternative, where does Petitioner currently stand in the removal process?

j. Where and how was Petitioner detained, and what documents were provided at the time of detention?

k. Has Petitioner received a Form I-200 Warrant for Arrest?

l. Has Petitioner appeared in front of an immigration judge, and if so, when and for what purpose?

m. Has Petitioner ever been granted a bond hearing, if so, what were the results of such hearing?

n. Has Petitioner applied for any adjustment of status or work authorization permit, and if so, what is the current status of the application(s)? And, if Petitioner has a work permit or visa, has Petitioner ever been notified that it has been cancelled?

**Greg N. Stivers, Judge**
**United States District Court**

June 5, 2026

cc:    Petitioner, *pro se*
       Respondents, as directed above
       U.S. Attorney, WDKY, as directed above