UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00389-GNS

JAHIR EMILIO SANTIAGO GOMEZ PETITIONER

v.

COLONEL ARTHUR MAGLINGER, Daviess County Jailer;
SAMUEL OLSON, Field Office Director, ICE Chicago ERO;
MARKWAYNE MULLIN, Secretary of Homeland Security; and
TODD BLANCHE, Acting Attorney General RESPONDENTS

**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1), Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (DN 3), and Petitioner's Amended Petition for Writ of Habeas Corpus (DN 10).

In May 2024, Petitioner Jahir Emilio Santiago Gomez ("Santiago Gomez"), a native and citizen of Colombia, was processed for a Notice to Appear and paroled into the United States for a period of two years pending a 240 hearing. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2-5, DN 12-1; Resp'ts' Resp. Show Cause Order Ex. 2, at 3, DN 12-2; Pet. 1-2, DN 1). In October 2024, he filed a Form I-589 application for asylum and for withholding of removal with the Executive Office of Immigration Review, which is pending. (Pet. 3-4).

On February 10, 2026, Santiago Gomez was arrested after he arrived at a scheduled Immigration and Customs Enforcement ("ICE") check-in appointment. (Pet. 3; Resp't's Resp. Show Cause Order Ex. 2, at 3; Resp'ts' Resp. Show Cause Ex. 3, at 2, DN 12-3). As noted in his Form I-213, Santiago Gomez "is in ICE custody without bond pending immigration proceedings" and is currently housed at the Daviess County Detention Center. (Resp'ts' Resp. Show Cause Order Ex. 2, at 3; Pet. 3).

Santiago Gomez filed the Amended Petition for Writ of Habeas Corpus against Respondents: Colonel Arthur Maglinger, Daviess County Jailer; Samuel Olson, Field Office Director, ICE Chicago Enforcement and Removal Operations; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, Acting Attorney General of the United States. (Am. Pet. 1-2). In the Petition, he alleges that: (i) he has been denied an individualized bond hearing in violation of the Due Process Clause of the Fifth Amendment and *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); (ii) there is a lack of authority to detain him because he is not a flight risk or danger to the community; (iii) Respondents have been deliberately indifferent to his serious medical needs; and (iv) his continued detention impairs his ability to prepare for and present his asylum claim at a hearing scheduled for July 15, 2026. (Am. Pet. 2).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Santiago Gomez bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

In arguing that Santiago Gomez is being lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A), Respondents rely upon *Jean v. Bullock*, No. 2:26-CV-02571-BCL-atc, 2026 WL 1531056 (W.D. Tenn. May 30, 2026). (Resp'ts' Resp. Show Cause Order 2-6, DN 12). In *Jean*, a sister court held the petitioner was being properly detained pursuant to 8 U.S.C. §

1225(b)(2)(A) because he was an applicant for admission. *See id.* at *3. The reasoning in *Jean*, however, appears flawed and contrary to the language of the relevant statutes.

In relevant part, Section 1225 provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). For the purposes of this provision, "an alien who is an applicant for admission" is defined as an "alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). In *Lopez-Campos*, which was decided after Santiago Gomez's detention began, "the [Sixth] Circuit rejected the government's position that [Section] 1225 governs such noncitizen detainees, concluding that '[t]o hold otherwise would subject long-term law-abiding residents in the United States . . . to the hardship of mandatory detention without due process.'" *Berrou v. Fields*, No. 26-166-DLB, 2026 WL 1382606, at *2 (E.D. Ky. May 18, 2026) (third and fourth alterations in original) (quoting *Lopez-Campos*, 175 F.4th at 735).

In relevant part, 8 U.S.C. § 1226, which is titled "Apprehension and detention of aliens", provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) May continue to detain the arrested alien; and
> (2) May release the alien on—
> (A) Bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. § 1226(a). In 2025, Congress amended Section 1226(c) of the Immigration and Nationality Act through the passage of the Laken Riley Act, which added a new subsection under

Section 1226(c) requiring mandatory detention in certain circumstances. *See* Laken Riley Act, Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025). Under this amendment, there is a two-step process in which the Attorney General must detain noncitizens if:

> (1) they are inadmissible because they are in the United States without being admitted or paroled, obtained documents or admission through misrepresentation or fraud, or lacks valid documentation and
> (2) "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."

*Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *3 (W.D. Ky. Sep. 19, 2025) (quoting U.S.C. §§ 1226(c)(1)(E)(i)-(ii)).

The record does not support a finding that Santiago Gomez is subject to detention under Section 1226(c). Therefore, he is entitled to a bond hearing, and he has been unlawfully detained for more than four months without a bond hearing.[1] *See Guiterrez-Lopez v. Raycraft*, No. 26-11143, 2026 WL 1412995, at *1 (E.D. Mich. May 20, 2026) ("*Lopez-Campos* does not require such a person to 'request' a bond hearing. In any event, [the petitioner] filed this action seeking a bond hearing, and this Court finds that the filing of this action fulfills any such obligation to request a bond hearing.").

A person's liberty interest in being from detention "is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike." *Lopez-Campos*, 175 F.4th at 734 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at

[1] While Respondents assert that Santiago Gomez's parole was properly revoked, it is unnecessary to address that issue in light of his unlawful detention. (Resp'ts' Resp. Show Cause Order 6-7).

the heart of the liberty that [the Due Process] Clause protects." (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). This Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See, e.g.*, *Aquino v. Woosley*, No. 4:26-CV-43-RGJ, 2026 WL 445033, at *10-12 (W.D. Ky. Feb. 2, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-20-DJH, 2026 WL 227011, at *4-5 (W.D. Ky. Jan. 28, 2026); *Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725, 742-44 (W.D. Ky. 2025). The unlawful detention of Santiago Gomez implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha*, 504 U.S. at 80 (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035-36 (N.D. Cal. 2025); *see also Quintero v. Woosley*, No. 4:26-CV-227-RGJ, 2026 WL 1587765, at *2 (W.D. Ky. June 3, 2026) ("In *Lopez-Campos* . . . [,] the Sixth Circuit held that that the detention of noncitizens like *Lopez-Campos*, non-citizens who have 'passed through our gates,' without a bond hearing violates the Due Process Clause of the Fifth Amendment." (citing *Lopez-Campos*, 175 F.4th at 732)). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *9 (W.D. Ky. Nov. 4, 2025) (alterations in original) (quoting *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493 (E.D.N.Y. 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel v. Tindall*, 810 F. Supp. 3d 824, 834 (W.D. Ky. 2025); *Barrera*, 2025 WL 2690565, at *7; *see also Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Santiago Gomez must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) and Amended Petition for Writ of Habeas Corpus (DN 10) are **GRANTED**. Respondents are directed to release Petitioner Jahir Emilio Santiago Gomez from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (DN 3) are **DENIED AS MOOT**.

3. Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 6, 2026

cc: counsel of record
Petitioner, *pro se*